Slip Op. 17-139

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | |
| Plaintiff, | Before: Gary S. Katzmann, Judge |
| v. | Court No. 13-00352 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.]

Dated: October 10, 2017

Frederic Deming Van Arnam, Jr., Barnes, Richardson & Colburn, LLP of New York, NY, argued for plaintiff.

Edward Francis Kenny, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, argued for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, and Amy Rubin, Acting Assistant Director. With them on the supplemental briefs was Benjamin C. Mizer, Principal Deputy Assistant Attorney General. Of counsel on the reply was Beth S. Brotman, Office of the Assistant Chief Counsel for International Trade Litigation, U.S. Customs and Border Protection, of Washington, DC.

Paul C. Rosenthal and Michael J. Coursey, Kelley Drye & Warren LLP of Washington, DC, argued for amici curiae. With them on the brief were Will E. Leonard and John C. Steinberger, Adduci, Mastriani & Schaumberg, L.L.P. of Washington, DC.

Katzmann, Judge: Can a surety's argument -- that the United States Customs and Border Protection's ("Customs") demands for payment on bonds issued by the surety are untimely because they fall outside of the statutory limitations period -- be raised in an administrative protest before Customs? Can the surety challenge Customs' denial of its protest and raise that argument before

this court?  These are the principal questions presented by this case.  Plaintiff Hartford Fire Insurance Company ("Hartford") initiated this lawsuit seeking a declaration from this Court that the claims of Customs for payment under certain customs bonds issued by Hartford became barred by the running of the six year limitations period on those claims on January 21, 2012.  See Pl.'s Compl. at 9, Oct. 9, 2013, ECF No.2 ("Compl.").  Defendant United States ("the Government") has moved to dismiss Hartford's action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade.  Def.'s Mot. To Dismiss, Jan. 30, 2014, ECF No. 9 ("Def.'s Mem."); see Pl.'s Sum., Oct. 9, 2013, ECF No. 1.  The Government argues that the court cannot entertain Hartford's action, brought under 28 U.S.C. § 1581(i) (2012),[1] the residual or "catch-all" jurisdiction provision,[2] because jurisdiction for the very

---

[1] All citations to the United States Code are to the official 2012 edition.

[2] 28 U.S.C. § 1581(i) provides:

> In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
> 
>   (1) revenue from imports or tonnage;
>   (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>   (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
>   (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.
> 
> This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the North

same arguments was available to Hartford under § 1581(a).[3]  See Def.'s Mem. at 5.  Hartford opposes the Government's motion.  Pl.'s Resp. in Opp'n to Def.'s Mot. To Dismiss, July 8, 2014, ECF No. 18 ("Pl.'s Opp'n").  For the reasons discussed hereafter, the court grants the Government's motion and dismisses Hartford's action for lack of subject matter jurisdiction.

## BACKGROUND

Hartford is a surety company that issues single-entry bonds ("SEBs") to importers, who use them to cover potential liabilities that may be retroactively assessed by Customs on the goods they import.  Compl. ¶¶ 7–9.  The bonds at issue covered shipments of preserved mushrooms from the People's Republic of China, and were filed at the Ports of Tampa, Florida, and Minneapolis – St. Paul, Minnesota between March 3 and October 6, 2004 by the importer of record, Sino Trend, Inc. ("Sino").  Id. ¶¶ 7–8, 11.  All of the entries were subject to an anti-dumping duty order for preserved mushrooms from China.  Id. ¶ 10.  The entry summaries for each of the entries identify antidumping duty order "A-570-851-000" as applicable to the Imported Merchandise.  Id.  "A-570-851-000" refers to the antidumping duty order Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms from the People's Republic of China, 64 Fed. Reg. 8308 (Feb. 19, 1999).  Id.  At the time of entry of these goods, the supplier, Guangxi Hengxian Pro-Light Foods, Inc. ("Pro-Light"), was a new shipper undergoing a new shipper review, which entitled the importer to submit a bond in lieu of

---

American Free Trade Agreement or the United States-Canada Free-Trade Agreement and section 516A(g) of the Tariff Act of 1930.

[3] 28 U.S.C. § 1581(a) provides:

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

a cash deposit for each entry from this supplier. Compl. ¶ 11. Hartford, as surety, agreed to issue bonds covering those liabilities for the entries at issue. Id. ¶ 9. Liquidation of the entries was suspended during the pendency of the Sixth Administrative Review of the Order before the U.S. Department of Commerce ("Commerce"), covering the period of review February 1, 2004 to January 31, 2005. Id. ¶ 12.

On July 21, 2005, Commerce issued the final results of the Sixth Administrative Review in Certain Preserved Mushrooms from the People's Republic of China: Notice of Partial Rescission of Antidumping Duty Administrative Review, 70 Fed. Reg. 42,038 (July 21, 2005), in which Commerce published its partial rescission of the review of the Order as to Pro-Light and twenty-four other companies. Compl. ¶ 13. The subject entries liquidated by operation of law six months thereafter, on January 21, 2006. Id. ¶ 16; see 19 U.S.C. § 1504(d). On July 8 and August 19, 2011, depending on the entry, Customs actually liquidated the subject entries at the bonded antidumping duty rate of 198.63%. Def.'s Mem. at 3. Customs issued bills to Sino. Id.; Compl. ¶ 18. Because Sino did not pay the assessed antidumping duties, Customs issued the aforementioned demands for payment to Hartford. Def.'s Mem. at 3; Compl. ¶ 20. On December 30, 2011 and February 15, 2012, Hartford filed six protests ("Protests")[4] contesting Customs' demand for payment on the SEBs, alleging, among other arguments, that the SEBs were unenforceable because of defects in the bonds. Compl. ¶ 21. Protest Nos. 1801-12-100011 and 1801-12-100012 were filed on February 15, 2012, and cover Tampa entry nos. 032-0318520-6,

---

[4] Copies of all six protests are part of the files of this Court for the following actions: Hartford Fire Insurance Company v. United States, Court Nos. 12-00279, 12-00280, 12-00281, 12-00282, 12-00283, and 12-00286. Each case involves the bond defects argument, while 12-00281, 12-00282, 12-00283, and 12-00286 also raise the deemed liquidation argument currently being litigated in CIT Ct. No. 12-00134, a test case.

032-0318521-4 and 032-0319678-1.  Id. ¶ 8.  These two Tampa protests asserted that 1) the single entry bonds contain facial defects which cause them to be void and unenforceable, and 2) the statute of limitations set forth in 28 U.S.C. § 2415(a) expired on January 21, 2012, six years from the deemed liquidation of the entries, thereby barring Customs' demands for payment as of that date.[5]  Pl.'s Opp'n at 3, n.1.  The remaining four protests, Protest Nos. 3501-12-100004/5/6/7, were filed on December 30, 2011, at the Port of Minneapolis and cover the balance of the entries at issue.  Compl. ¶ 8.  Despite substantial similar circumstances giving rise to the demands for payment challenged in all six protests, these four Minneapolis protests argue only that Customs' demands should be cancelled because the single entry bonds contain facial defects.  Pl.'s Opp'n at 3.  None of the six protests were ever amended.  See 19 C.F.R. § 174.14.

Customs denied the Protests on March 13 and 16, 2012.  Compl. ¶ 22.  Hartford paid the amount demanded by Customs, up to the penal value[6] of the SEBs, and on September 10, 2012 Hartford filed summonses in this Court, contesting the denied Protests under 28 U.S.C. § 1581(a).  Compl. ¶¶ 32–33.

Notwithstanding those actions, which challenge the denial of the six underlying Protests, Hartford commenced the instant case on October 9, 2013, pursuant to 28 U.S.C. § 1581(i).  Pl.'s

---

[5] Hartford raised the statute of limitations argument in a March 2012 supplement to its two Tampa protests.  Pl.'s Opp'n at 3 n.1; see 19 C.F.R. § 174.28.

[6] The penal sum or penal value on an SEB is the dollar amount which the surety is obligated to cover in the event that the importer, as principal on the bond, fails to pay Customs' demands.  See 19 U.S.C. § 1623(b)(1) ( "Whenever a bond is required or authorized by a law, regulation, or instruction which . . . the Customs Service is authorized to enforce, the Secretary of the Treasury may . . . fix the amount of penalty thereof, whether for the payment of liquidated damages or of a penal sum . . . ."); Hartford Fire Ins. Co. v. United States, Slip Op. 09-00122, 2017 WL 3447893, at *7 & n.18 (CIT Aug. 10, 2017).

Sum. This action covers the same entries and demands at issue in the six § 1581(a) cases noted above. Hartford asserts that the six year statute of limitations set forth in 28 U.S.C. § 2415(a)[7] expired as of January 21, 2012, which is six years plus 30 days after the deemed liquidation of the subject entries on July 21, 2006. Compl. ¶¶ 23–28. Hartford alleges that it was improper for Customs to continue to demand payment on these entries beyond that date, and seeks a declaration from this court that all of Customs' claims against Hartford on the SEBs for the entries were time-barred and thus that all of Customs' actions in demanding and accepting payment from Hartford on the SEBs after January 21, 2012 were a) invalid, arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, b) contrary to constitutional right, power, privilege or immunity, c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, d) without observance of the procedure required by law, e) unsupported by substantial evidence, and f) unwarranted by the facts to the extent that the facts are subject to trial de novo by this Court. Compl. ¶ 40. Hartford is asserting these claims in this action, rather than in the relevant § 1581(a) cases, because, it contends, 19 U.S.C. § 1514,[8] which enumerates governmental actions that an

---

[7] 28 U.S.C. § 2415(a) provides, in relevant part:

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later[.]

[8] 19 U.S.C. § 1514 provides, in relevant part:

> [A]ny clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to--

Case 1:13-cv-00352-GSK   Document 71   Filed 10/10/17   Page 7 of 20

Court No. 13-00352                                                                                                    Page 7

Case 1:13-cv-00352-GSK   Document 71   Filed 10/10/17   Page 7 of 20

Court No. 13-00352                                                                                                    Page 7

aggrieved party may protest in order to ultimately obtain jurisdiction under § 1581(a), "does not provide a surety the opportunity via protest to challenge whether the government is time-barred from commencing a collection action against bonds the surety issued, and as such jurisdiction in the U.S. Court of International Trade to raise such an argument cannot be based on 28 U.S.C. § 158l(a)." Compl. ¶ 29. Per Hartford, the only established way to raise that argument was to refuse to pay Customs' demands and allow the Government to commence a collection action against it pursuant to 28 U.S.C. § 1582, whereupon Hartford would raise it as an affirmative defense. Compl. ¶ 30.

On January 30, 2014, the Government moved to dismiss this action for lack of subject matter jurisdiction under USCIT Rule 12(b)(1). Def.'s Mem. Hartford filed its response in

---

(1) the appraised value of merchandise;
(2) the classification and rate and amount of duties chargeable;
(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
(4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
(5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 of this title or section 1504 of this title;
(6) the refusal to pay a claim for drawback; or
(7) the refusal to reliquidate an entry under subsection (d) of section 1520 of this title;

shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title.

opposition to the Government's motion on July 8, 2014. Pl.'s Opp'n. The Government replied on August 29, 2014. Reply to Pl.'s Opp'n, Aug. 19, 2014, ECF No. 25 ("Def.'s Reply"). Oral argument on the motion was held on March 24, 2015. Oral Argument, Mar. 24, 2015, ECF No. 43.

On May 26, 2015, the court ordered parties to submit supplemental briefs, and supplemental replies to those briefs. Order, May 26, 2015, ECF No. 44. Both parties filed their supplemental briefs on July 1, 2015, and both parties filed their supplemental replies on August 5, 2015. Pl.'s Suppl. Br. in Opp'n to Def.'s Mot. to Dismiss, July 1, 2015, ECF No. 47 ("Pl.'s Suppl. Br. 1"); Def.'s Suppl. Br. in Supp. of Mot. to Dismiss, July 1, 2015, ECF No. 48 ("Def.'s Suppl. Br. 1"); Pl.'s Reply to Def.'s Suppl. Br., Aug. 5, 2015, ECF No. 52 ("Pl.'s Suppl. Reply 1"); Def.'s Reply to Pl.'s Suppl. Br., Aug. 5, 2015, ECF No. 53 ("Def.'s Suppl. Reply 1"). On October 10, 2015, the court again ordered parties to submit supplemental briefs, directing Hartford to submit a brief and a reply, and the Government to submit a response in between. Order, Oct. 5, 2015, ECF No. 54. Hartford filed its second supplemental brief on November 2, 2015. Pl.'s Second Suppl. Br. in Opp'n to Def.'s Mot. to Dismiss, Nov. 2, 2015, ECF No. 55 ("Pl.'s Suppl. Br. 2"). The Government filed its supplemental response on November 23, 2015. Def.'s Resp. to Pl.'s Suppl. Br. 2, Nov. 23, 2015, ECF No. 58 ("Def.'s Supp. Reply 2"). Hartford filed its supplemental reply on December 7, 2015. Pl.'s Reply to Def.'s Suppl. Reply 2, Aug. 10, 2017, ECF No. 60 ("Pl.'s Supp. Reply 2").

On August 10, 2017, the case was reassigned to a new judge. Order of Reassignment, Aug. 10, 2017, ECF No. 61. Oral argument was held anew on September 26, 2017. Oral Argument, Sept. 26, 2017, ECF No. 70.

## JURISDICTION AND STANDARD OF REVIEW

Hartford argues, and the Government disputes, that jurisdiction in this case is proper under 28 U.S.C. § 1581(i)(4). The Court of International Trade, like all federal courts, is one of limited jurisdiction and is "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (quoting King Iron Bridge & Mfg. Co. v. Otoe Cty., 120 U.S. 225, 226 (1887)). The party invoking jurisdiction must "allege sufficient facts to establish the court's jurisdiction," DaimlerChrysler, 442 F.3d at 1318 (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and therefore "bears the burden of establishing it." Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The court must draw all reasonable inferences in favor of the non-movant when deciding a motion to dismiss for lack of jurisdiction. See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

## DISCUSSION

### A. Parties' Arguments

The Government presents the well-settled proposition that jurisdiction under § 1581(i) does not lie when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate. Def.'s Mem. at 5; see Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987), cert. denied, 484 U.S. 1041 (1988). The Government posits that § 1581(i) was not intended to create new causes of action, nor meant to supersede more specific jurisdictional provisions. Def.'s Mem. at 6.
The Government adds that where a plaintiff attempts to avoid the administrative process required for the invocation of the § 1581(a) jurisdiction, "fairness dictates that only the most extraordinary of circumstances would permit the invocation of jurisdiction under section 1581(i)." Def.'s Mem.

at 7 (quoting <u>Allen Sugar Co. v. Brady</u>, 13 CIT 107, 110, 706 F. Supp. 49, 52 (1989)). Here, the Government contends, Hartford asserted untimely demands or statute of limitations arguments in two of its underlying Protests. <u>See</u> Protest Nos. 1801-12-100011 and 1801-12-100012, filed on February 15, 2012, which cover Tampa entry nos. 032-0318520-6, 032-0318521-4 and 032-0319678-1. Hartford thereafter filed two actions contesting the denial of those protests pursuant to 28 U.S.C. § 1581(a). <u>See</u> Court Nos. 12-00283 and 12-00286. The Government thus argues that by filing suits on the denied Protests which included the untimely demand/statute of limitations issue, Hartford has already requested that this Court take jurisdiction pursuant to 28 U.S.C. § 1581(a) over the very issue it now seeks to raise in an action under 28 U.S.C. § 1581(i). Def.'s Mem. at 7. Accordingly, the Government argues, Hartford's challenges to Customs' demands, whether on the ground that the bonds contain defects rendering them unenforceable or on the ground that the demands were time-barred, are properly raised in protest pursuant to 19 U.S.C. § 1514(a)(3), and subsequently should be litigated before this Court under 28 U.S.C. § 1581(a). Def.'s Mem. at 8–9. Because the remedy thereunder would not be manifestly inadequate, the Government argues, this case, brought pursuant to § 1581(i), should be dismissed. Def.'s Mem. at 9.

　　　Hartford's primary argument is that a statute of limitations argument cannot be raised in a 28 U.S.C. § 1581(a) action, because it is not contemplated under the statutory scheme. Pl.'s Opp'n at 4. Therefore, per Hartford, relief under § 1581(a) would be manifestly inadequate, such that proceeding under § 1581(i) would be appropriate. Hartford enumerates the seven categories of protestable actions found within 19 U.S.C. § 1514(a), characterizing them as exclusive, and asserts that none defines a surety's right to challenge the government's continued demand of a time-barred claim as a protestable event. Pl.'s Opp'n at 7–8. Hartford further contends that, logically, a statute

of limitations argument would not be contemplated under § 1581(a), because it is an affirmative defense rather than an independent cause of action. Pl.'s Opp'n at 9.

Citing Pac Fung Feather Co. v. United States, 111 F.3d 114 (Fed. Cir. 1997) and Gilda Indus., Inc. v. United States, 446 F.3d 1271 (Fed. Cir. 2006), Hartford contends that § 1581(i) jurisdiction will lie properly if an otherwise permissible protest against Customs' actions will not remedy the alleged harm. Hartford here characterizes its action as a challenge to Customs' demands per se, on the basis that they fell outside of the statutory time period. Pl.'s Opp'n at 11. Per Hartford, protesting against these demands would have been a mere formality, as "[t]he issue had already been effectively decided by the government outside of the protest process as demonstrated in its continued listing of the Demands on the 612 reports[9] after the Demands were time-barred." Pl.'s Opp'n at 11. Hartford thus argues that even if alleged statute of limitations violations were protestable, the remedy acquired upon successfully challenging the denial of that protest under § 1581(a) would be a mere formality, or futile.

Hartford analogizes its action to that of the plaintiff surety in Old Republic Ins. Co. v. United States, 10 CIT 589, 645 F. Supp. 943 (1986), wherein the surety claimed that Customs' regulation providing notice to the surety, 19 C.F.R. § 159.12(b) (1980), became a term of the bond contract and that failure to provide this notice constituted a material breach of contract, which discharged the plaintiff's liability under the bond. Pl.'s Opp'n at 13. The Court held that it could exercise jurisdiction over the surety's claims pursuant to § 1581(i), because the surety could not have raised its breach of contract claim under § 1581(a); that claim could instead only be raised as an affirmative defense to an

---

[9] Each month, the Revenue Division sends each surety a report listing their open bills by importer name. The report, known as the 612 Report, provides the surety with specific entry, bill, and protest information as reflected in [the Automated Commercial System] at the end of the month." Surety Inquiries, U.S. Customs and Border Protection, https://www.cbp.gov/trade/priorityissues/revenue/surety-inquiries (last visited Aug. 31, 2017).

enforcement action under § 1582. Id. at 599. Having paid the duties necessary to establish § 1581(a) jurisdiction, however, Customs lost any incentive to bring a collection action, and thus the surety would have lost its ability to argue breach of contract if not for § 1581(i). Id.

Hartford also argues that § 1581(i)(4) covers matters of administration and enforcement, under which the allegedly out-of-time demands would fall. Pl.'s Opp'n at 15 (citing US Shoe v. United States, 114 F.3d 1564, 1570 (Fed. Cir. 1997), aff'd, 523 U.S. 360 (1998); Swisher, Int'l, Inc. v. United States, 205 F.3d 1358, 1369 (Fed. Cir. 2000)). Citing Parkdale Int'l, Ltd. v. United States, 31 CIT 720, 491 F. Supp. 2d 1262 (2007), Hartford contends that jurisdiction should come under § 1581(i)(4) when a matter of administration or enforcement is under review, and it is not clear that another provision of § 1581 applies. Hartford argues that is the case here. Pl.'s Opp'n at 15–16.

Hartford's second argument is that Customs' demands for payment, which it characterizes as time-barred, raise constitutional issues, and that § 1581(i) jurisdiction is the appropriate venue through which to raise constitutional arguments. Pl.'s Opp'n at 6, 16; Compl. ¶¶ 41, 43. Hartford cites Thomson Consumer Elecs., Inc. v. United States, 247 F.3d 1210 (Fed. Cir. 2001), reh 'g den. without op. (Fed. Cir. July 19, 2001), for the proposition that administrative exhaustion, as through a protest, is not required where Customs would not possess the institutional competence to resolve the constitutional issues raised. Pl.'s Opp'n at 17. Hartford also characterizes Totes-Isotoner Corp. v. United States, 32 CIT 1172, 580 F. Supp. 2d 1371 (2008), aff'd, 594 F.3d 1346 (Fed. Cir. 2010), cert. denied, 562 U.S. 830 (2010) as holding that an unconstitutionality argument need not be protested. Pl.'s Opp'n at 17–18.

The Government further notes that Hartford did in fact raise its statute of limitations argument in two of the six protests encompassing entries at issue in this case. Pl.'s Reply at 4.

**B. Analysis**

At the outset, the court recognizes the general rule that jurisdiction under 28 U.S.C. § 1581(i) "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available." Miller, 824 F.2d at 963; see also Am. Air Parcel Forwarding v. United States, 718 F.2d 1546, 1549–51 (Fed. Cir. 1983); United States v. Uniroyal, Inc., 687 F.2d 467, 69 CCPA 179 (1982).

The Federal Circuit has stated:

> Reviewing 28 U.S.C. Sec. 1581(i), frequently referred to as the residual or "catch-all" jurisdiction provision, the court finds no legislative intent to grant a litigant use of this forum where the litigant has failed to exhaust the avenue of protest and denial before the Customs Service and payment of liquidated duties. In the leading case recently issued by the United States Court of Customs and Patent Appeals, (now the United States Court for the Federal Circuit), the court succinctly stated:
>
> "Nevertheless, the legislative history of the Customs Courts Act of 1980 demonstrates that Congress did not intend the Court of International Trade to have jurisdiction over appeals concerning completed transactions when the appellant had failed to utilize an avenue for effective protest before the Customs Service."

Am. Air Parcel, 718 F.2d at 1549 (quoting with approval Am. Air Parcel Forwarding Co., 5 CIT 8, 10, 557 F. Supp. 605, 607 (1983) (citing Uniroyal, 687 F.2d at 471)). "It is judicially apparent that where a litigant has access to this court under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto. It cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i)." Id. (citing Am. Air. Parcel, 557 F. Supp. at 607).

Importantly, while, as noted, this court has recognized the "general rule that litigants must exhaust their administrative remedies under other subsections of § 1581 before properly invoking

§ 1581(i) jurisdiction," NuFarm Am.'s Inc. v. United States, 29 CIT 1317, 1328, 398 F. Supp. 2d 1338, 1348 (2005), where the remedy under another subsection of § 1581 would be manifestly inadequate, the court does not require exhaustion and exercises jurisdiction under § 1581(i). Hartford Fire Ins. Co. v. United States, 544 F.3d 1289, 1292 (Fed. Cir. 2008).

The court concludes that review under § 1581(a) would not be manifestly inadequate, and thus jurisdiction under § 1581(i) is unavailable to Hartford in this action. The court is persuaded by the Government's argument that Hartford could have, and should have, raised these arguments in its Protests and its § 1581(a) cases contesting the denials thereof. Both parties agree that the court must discern the "true nature of the action" before it in ascertaining where jurisdiction properly lies. Pl.'s Opp'n at 6; Def.'s Reply at 2 (quoting Williams v. Sec'y of Navy, 787 F.2d 552, 557 (Fed. Cir. 1986)). Here, the true nature of the action is that Hartford "seeks to avoid the payment of the demand." Hartford Fire, 544 F.3d at 1293; Pl.'s Reply at 2. Customs' demands to sureties for payment on bonds constitute "charges or exactions" within the context of 19 U.S.C. § 1514(a)(3). Those demands are protestable. See 19 U.S.C. § 1514(a); see also Am. Motorists Ins. Co. v. United States, 22 CIT 461, 8 F.Supp.2d 874, 877 (1998) (finding, where a surety protested Customs' demands as untimely under the applicable statute of limitations, that jurisdiction was proper under § 1581(a) rather than the residual jurisdictional provision, and noting that Customs' time-barred demand for payment was a wrongful exaction protestable under 19 U.S.C. § 1514(a)(3)); Hartford Fire, 544 F.3d at 1293 (holding that all theories of defense which could lead to the cancellation of a Customs charge are protestable under section 1514(a)(3)). Hartford has presented no authority dictating that a statute of limitations argument, though procedurally constituting an affirmative defense in collection actions under 28 U.S.C. § 1582, could not be raised as an argument within a Customs protest or subsequently before this court pursuant to §

Case 1:13-cv-00352-GSK   Document 71   Filed 10/10/17   Page 15 of 20

Court No. 13-00352                                                                                          Page 15

1581(a). For the purposes of a claim raised under § 1581(a), the court construes an untimeliness argument as "merely a theory of defense upon which Customs may grant the relief of cancelling the charge." Hartford Fire, 544 F.3d at 1293.

The court accordingly finds unpersuasive Hartford's contention that exhaustion of administrative remedies would have been futile. Pl.'s Opp'n at 11. Generally, "Customs does have broad authority over the administration and forms of bonds, including determining their validity and enforceability and a surety's liability pursuant to the bonds." Hartford Fire, 544 F.3d at 1294; see 19 U.S.C. §§ 66, 1623. Customs is eminently capable of entertaining and adjudicating an untimeliness argument in the administrative process. Hartford's argument that "the issue had already been effectively decided by the government outside of process as demonstrated in its continued listing of the Demands on the 612 reports after the Demands were time-barred" is unavailing.[10] Pl.'s Opp'n at 11. Accepting that argument would bring the court to territory

---

[10] The court is unpersuaded by Hartford's citations to Pac Fung, 111 F.3d 114, and Gilda, 446 F.3d 1271. In Pac Fung, the importer plaintiffs argued that the Customs Service issued Rules of Origin for Textile and Apparel Products ("Rules"), 60 Fed. Reg. 46,188 (1995) (codified at 19 C.F.R. § 102.21 (1996)), promulgated pursuant to Section 334(b) of the Uruguay Round Agreements Act, Pub.L. No. 103–465, 108 Stat. 4809 (1994) (codified at 19 U.S.C. § 3592(b)), were "arbitrary, capricious, an abuse of discretion, and not in accordance with law," and sued to enjoin the government from enforcing them with regards to the origin determination of its merchandise. 111 F.3d at 115–16. The Federal Circuit held that the importers' option of obtaining a ruling pursuant to 28 U.S.C. § 1581(h), which gives the Court of International Trade "exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification . . . or similar matters," would constitute "a mere formality," because Customs promulgation of the Rules had "unmistakably indicated" how the agency would ultimately rule on the origin determination. Id. at 116. Thus, the "preordained ruling available to the importers under section 1581(h) would be manifestly inadequate," and consequently "[s]ection 1581(i) was the importers' only available and potentially adequate option." Id. at 116. In Gilda, meanwhile, the importer plaintiff was subject to a duty imposed pursuant to a decision of the United States Trade Representative, and thus Gilda's challenge was not to a decision by Customs. 446 F.3d at 1276. "Because Customs has no authority to overturn or disregard the Trade Representative's decision, Customs would have no authority to grant relief in a protest action challenging the imposition of the duty." Id. Thus the portion of Gilda's arguments concerning termination of the duty regime in

wherein any administrative action taken by Customs as part of its relationship with a given surety could be construed as an effective replacement of the protest process altogether, formally prejudicing the aggrieved surety and rendering nugatory 19 U.S.C. § 1514.  Relevantly, the Federal Circuit, and this Court, have noted that if jurisdiction under §§ 1581(a) and 1581(i) "were interpreted to overlap, litigants could systematically circumvent the administrative remedies established by the jurisdictional statute."  NuFarm Am.'s, 398 F. Supp. 2d at 1351 (quoting St. Paul Fire & Marine Ins. Co. v. United States, 959 F.2d 960, 963 (Fed. Cir. 1992)).  Hartford's assertion that "Customs should have been aware that the statute of limitations had passed, but it continued to issue the Demands nevertheless" does not justify avoidance of raising the untimeliness argument in the Protests.  Quite the contrary: that assertion is precisely at home in protest pursuant to 19 U.S.C. § 1514(a) and, subsequently, 28 U.S.C. § 1581(a).[11]

The court thus concludes that Hartford's purported quandary, wherein a surety must choose between electing to protest and sue under § 1581(a) while raising the bond defect argument and

---

question could not be directly protested under 19 U.S.C. § 1514(a), and subsequent review pursuant to 28 U.S.C. § 1581(a) would have proven manifestly inadequate.  Id. at 1276–77.

In the instant case, and as explained supra, Customs has not "unmistakably indicated" how it would rule on Hartford's untimeliness argument merely by virtue of continuing to demand payment.  Nor does Customs lack the ability to rule on that issue.  Customs' demands to sureties for payment on bonds are protestable pursuant to 19 U.S.C. § 1514(a)(3).  Indeed, the very nature of the protest procedure provided by 19 U.S.C. § 1514(a) requires that the aggrieved party contest at least one of Customs' enumerated actions, and permits the party to argue through protest that the action was not in accordance with law.  Further, the aggrieved party is entitled to challenge Customs' denial of that protested argument through 28 U.S.C. § 1581(a), whereupon this Court could potentially provide the party's desired remedy.

[11] As the Government notes, Hartford could have raised its untimeliness argument to Customs as an additional basis for granting its protests at any time prior to Customs' decision on the protests. Def.'s Suppl. Reply 2 at 5 (citing 19 C.F.R. § 174.28).  With regard to the four Minneapolis-St. Paul Protests at issue, Nos. 3501-12-00004/5/6/7, Hartford acknowledged that it could have sought Customs' permission to supplement its timely-filed protests to allege a time barred claim after January 21, 2012.  Id. (quoting Pl.'s Suppl. Br. 2 at 4 n.2).

deemed liquidation claims, or to wait and be sued under § 1582 while raising the statute of limitations affirmative defense, is illusory.[12] Pl.'s Opp'n at 3–5. Relatedly, the court is unpersuaded by Hartford's apparent assumption that a surety is entitled to raise a statute of limitations argument prior to the expiration of the limitations period.[13] So too does the court find unavailing Hartford's argument that if the court were to conclude that the violation of an applicable statute of limitations could have been protested under 19 U.S.C. § 1514(a) and litigated under 28 U.S.C. § 1581(a), then the same argument would become unavailable to surety defendants in § 1582 enforcement actions. Hartford's view of § 1514 as not encompassing a surety's right "to challenge the government's continued demand of a time-barred claim as a protestable event" is an unreasonably narrow view of that statute. Def.'s Reply at 4. Contrary to Hartford's contention, United States v. Cherry Hill Textiles, Inc., 112 F.3d 1550 (Fed. Cir. 1997), does not stand for the broad proposition that protestable matters must only be raised in protests, and not as affirmative

---

[12] Hartford's argument that its situation is analogous to the plaintiff's in Old Republic, 645 F. Supp. 943, is therefore unpersuasive.

[13] The court directed parties to file a second round of supplemental briefs, this time in response to a series of specific inquiries outlined by the court. Order, Oct. 5, 2015, ECF No. 54.
     Hartford presented a possible situation wherein, immediately following the liquidation of an entry, and the triggering of the six-year statute of limitations running on Customs' time to enforce its claim against the bond for unpaid duties, Customs also demands payment on the bonds, thus triggering the 180 day period in which the surety may file a protest. Pl.'s Suppl. Br. 2 at 3.–4. Per Hartford, this situation poses an issue in that the surety could not contest, in a timely-filed protest, that the statute of limitations has passed when it has not; similarly, the surety could not wait until the passage of that statute of limitations, past the 180-day protest period, in order to protest Customs' demands as time barred, because the right to file a protest would be time-barred on the 181st day. Id. Hartford represents this situation as posing a dilemma wherein the surety could not raise its statute of limitations claim within the protest period, as the claim would not yet have accrued, and could raise it in an eventual collection action that falls outside of the statute of limitations, but at the expense of any substantive claims that the surety would wish to raise in opposition to the charge or exaction pursuant to 19 U.S.C. § 1514(a). Id. at 4–5. The proper remedy to this procedural conundrum, argues Hartford, is for the surety to argue the post-protest period claim, here the statute of limitations, under § 1581(i). Id. at 5–8 (citing St. Paul Fire & Marine Ins. v. United States, 959 F.2d 960 (Fed. Cir. 1992)).

defenses. In Cherry Hill, the Federal Circuit narrowly concluded that the deemed liquidation at issue was "final and conclusive," against all parties, because the importer or surety had never protested the deemed liquidation. Koyo Corp. of U.S.A. v. United States, 497 F.3d 1231, 1236 (Fed. Cir. 2007). The Federal Circuit did not hold that an importer under Cherry Hill would be barred from protesting a deemed liquidation under the statutory protest scheme of § 1514. Id. at 1236–37. Thus Cherry Hill did not, as Hartford argues, produce a rule whereby matters protested under § 1514(a) are thus foreclosed from being raised in a collection action under § 1582. This Court has observed that: "[T]he rule found in both law and custom remains that, in a case brought by the Government to collect under a contract of insurance, the surety is not prevented from raising defenses to defeat the Government's claims, even those that would be protestable matters if raised by or on behalf of an importer." United States v. Am. Home Assurance Co., 151 F. Supp. 3d 1328, 1349 (2015); see id. n.21 ("The new rule expressed in Hartford [544 F.3d 1289], however, did not address an action brought by the Government seeking to enforce a contract of insurance against a surety; a case that has an entirely different jurisdictional basis. See 28 U.S.C. 1582(2).").

　　　　The court turns next to Hartford's argument that the constitutional claims it raises in its complaint cannot be adjudicated. Hartford's arguments are unavailing. The inclusion of a constitutional claim of some nature does not necessarily render jurisdiction under 28 U.S.C. § 1581(a) unavailable or inadequate. If a constitutional claim may be disposed of on non-constitutional grounds, a litigant is required to exhaust its administrative remedies. NuFarm Am.'s, 398 F. Supp. 2d at 1349–50 (citing Mont. Chapter of Ass'n of Civ. Tech. Inc. v. Young, 514 F.2d 1165, 1167-68 (9th Cir. 1975)). Thus, the existence of a constitutional claim does not obviate the exhaustion requirement. Id. (citing Mont., 514 F.2d at 1167). Here, as the parties acknowledged at oral argument, Hartford could have raised its untimeliness arguments in protest under 19 U.S.C.

§ 1514(a), and did so in two instances. Indeed, even had Hartford foregone raising the untimeliness argument in its Protests, the trade laws permit such an argument to be raised before this court under § 1581(a). See 28 U.S.C. § 2638.[14] Concluding otherwise would allow litigants to constructively circumvent the protest regime under 19 U.S.C. § 1514 and subsequent litigation under 28 U.S.C. § 1581(a). Am. Air Parcel, 718 F.2d at 1550. As the Federal Circuit has recognized, the "the traditional avenue under 28 U.S.C. § 1581(a) was not intended to be so easily circumvented, whereby it would become merely a matter of election by the litigant." Id.

## CONCLUSION

In summary, because Hartford's untimeliness argument could be raised both in protest under 19 U.S.C. § 1514(a) and before this court under 28 U.S.C. § 1581(a), and the desired relief of cancelling Customs' demands may ultimately be granted, jurisdiction under § 1581(a) is not manifestly inadequate. Jurisdiction under § 1581(i) is thus unavailable to Hartford. The Government's motion to dismiss accordingly must be granted.[15]

---

[14] 28 U.S.C. § 2638 provides:

> In any civil action under section 515 of the Tariff Act of 1930 in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in the Court of International Trade, the court, by rule, may consider any new ground in support of the civil action if such new ground--
> (1) applies to the same merchandise that was the subject of the protest; and
> (2) is related to the same administrative decision listed in section 514 of the Tariff Act of 1930 that was contested in the protest.

[15] The court acknowledges the participation, by brief and oral argument, of counsel for amici curiae Monterey Mushrooms, Inc., Sioux Honey Association, Adee Honey Farms, The Garlic Company, and Catahoula Crawfish, Inc. Amici argue that Hartford's reckoning of the relevant statute of limitations is incorrect, and that, based on the version of 19 U.S.C. § 1505 in effect since the statute was amended in 1993, the limitations period on Customs' claims against Hartford's bonds actually began to run on August 7 and September 18, 2011. These dates are 30 days after Customs

**SO ORDERED**.

                                            */s/ Gary S. Katzmann*
                                            Gary S. Katzmann, Judge

Dated: October 10, 2017
       New York, New York

---

issued bills to the relevant importers. Therefore, amici argue, the limitations period on those claims would end on the same dates six years later, in 2017, and the court cannot issue the declaratory judgment sought by Hartford, namely, that Customs' bond claims became barred on February 20, 2012. Because the court disposes of this matter due to lack of subject matter jurisdiction, it need not reach the issue identified, nor the arguments proffered, by amici.